# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**JOHNNY HERNANDEZ**  **PETITIONER**
Reg #71522-279

VS.                    CASE NO.  2:17-CV-14-JM-BD

**GENE BEASLEY, Warden,**
Federal Correctional Institution-Low,
Forrest City, Arkansas                    **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody, Jr. Either party to this lawsuit may file written objections with the Clerk of Court within fourteen (14) days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.   Background:**

On September 10, 2010, Mr. Hernandez pleaded guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. (Docket Entry #6-1 at 72) He is serving his 120-month

sentence in the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Forrest City, Arkansas. He currently has a projected release date of April 5, 2019. (*Id.* at 80)

On January 26, 2017, Mr. Hernandez filed a pro se petition for writ of habeas corpus (#1) under 28 U.S.C §2241. Believing that nothing in his criminal history precludes him from receiving a one-year sentence reduction under 18 U.S.C. § 3621(e) for his participation in a Residential Drug Abuse Program ("RDAP"), Mr. Hernandez now asks the Court to order the BOP to "show cause" for its determination that he is ineligible for the sentencing relief. (*Id.* at 3) Essentially, Mr. Hernandez contends that the BOP erred in finding him ineligible for relief, and he seeks a writ ordering the BOP to reconsider its decision.[1]

### III.   Discussion:

   A.   *Governing Law*

The BOP offers the RDAP to inmates identified as having substance abuse problems. As an incentive for successful completion of the program, Congress enacted §3621(e)(2)(B), which allows the BOP to reduce nonviolent offenders' sentences by up to one year. The application of §3621(e)(2)(B) is discretionary with the BOP.  In fact, in *Lopez v. Davis*, 531 U.S. 230 (2001), the Supreme Court specifically determined that "[w]hen an eligible prisoner successfully completes drug treatment, the Bureau has the

---

[1] Although Mr. Hernandez avers that he is "currently in RDAP," Respondent does not challenge ripeness and admits that Mr. Hernandez has exhausted his administrative remedies available through the BOP's Administrative Remedy Program. (#6-1 at 10).

authority, *but not the duty*, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment". *Id*. at 239-42 (emphasis added). In *Lopez*, the Supreme Court further determined that, "[b]eyond instructing that the Bureau has discretion to reduce the period of imprisonment for a nonviolent offender who successfully completes drug treatment, Congress has not identified any further circumstance in which the Bureau either must grant the reduction, or is forbidden to do so." *Id.,* 531 U.S. at 242. As a result, the BOP is free to exercise its discretion to place restrictions on early release that were not set forth in the statute. *Id.* at 242-43. Given the discretion afforded the BOP, it was under no duty to grant Mr. Hernandez early release upon completion of RDAP.

To implement § 3621(e)(2)(B), the BOP issued regulations, which were re-designated in 2009 as 28 C.F.R. §550.55.[2] That regulation, applied by the BOP in Mr. Hernandez's case, provides that inmates convicted of conspiracy for "an offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another are ineligible for relief." 28 C.F.R. § 550.55(b)(5)(iii) & (b)(6); see also, Bureau of Prisons Program Statements P5331.02 (#6-1 at 44) & P5162.05, section 4 (#6-1 at 62). In particular, Program Statement P5162.05 provides:

> b. Criminal Offenses with a Specific Offense Characteristic Enhancement. Convictions for an offense listed below, like those listed in Section 4.a., may or may not satisfy the standard listed in the introductory portion of Section 4 [quoted supra].
>
> At the time of sentencing, the court makes a finding of whether the offense involved the use or threatened use of force, and this finding is reflected in the PSI section entitled "Offense Computation," subsection entitled

---

[2] Title 28 C.F.R.§ 550.55 became effective on March 16, 2009. On the same day, the BOP issued Program Statement 5162.05.

> "Specific Offense Characteristics." This subsection references a particular U.S. Sentencing Guideline that provides for an increase in the Total Offense Level if the criminal violation was committed with force.
>
> Example: Section 841 of Title 21, United States Code makes it a crime to manufacture, distribute, or possess with the intent to distribute drugs. Under the Sentencing Guidelines (§ 2D1.1 and § 2D1.11), the defendant could receive an increase in his or her base offense level because of a "Specific Offense Characteristic" (for example, if a dangerous weapon was possessed during commission of the offense), the court would increase the defendant's base offense level by two levels. This particular "Specific Offense Characteristic" (possession of a dangerous weapon during the commission of a drug offense) poses a serious potential risk that force may be used against persons or property. Specifically, as noted in the U.S. Sentencing Guidelines § 2D1.1., application note 3, the enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. Accordingly, an inmate who was convicted of manufacturing drugs, (21 U.S.C. § 841) and received a two-level enhancement for possession of a firearm has been convicted of an offense that will preclude the inmate from receiving certain Bureau program benefits.

(#6-1 at 64; Program Statement 5162.05, Section 4). Accordingly, the Program Statement anticipated situations like Mr. Hernandez's and stated that an inmate who has received a firearm sentencing enhancement will be precluded from RDAP sentencing eligibility relief.

The Eighth Circuit has determined that the BOP's application of both 28 C.F.R. § 550.55(c) and the related Program Statement 5331.02, "were promulgated in compliance with the Administrative Procedure Act and are reasonable and allowable interpretations of their enabling act." *Giannini v. Fed. Bureau of Prisons*, 405 F. App'x 96, 97 (8th Cir. 2010) (unpublished) (citing 5 U.S.C. § 553 & *Lopez,* 531 U.S. at 242)). Nevertheless, the Eighth Circuit has also held that, "a reviewing court must set aside a final agency action if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not

in accordance with law.'" *Gatewood v. Outlaw*, 560 F.3d 843, 846 (2009) (quoting 5 U.S.C. §706(2)(A)). Given these standards, this Court must determine whether the BOP exceeded its statutory authority in denying Mr. Hernandez relief by its interpretation of 28 C.F.R. § 550.55, as applied through Program Statement 5162.05, and whether the application represented a reasonable implementation of § 3621(e)(2)(B).

    B.    *Analysis*

The BOP determined that Mr. Hernandez was ineligible for relief under § 3621(e)(2)(B) citing the fact that his co-conspirators were armed and, as a result, he had received a two-point firearm enhancement in his sentencing report. (#3 at 3; #6-1 at 5-7) In his petition, Mr. Hernandez admits that he received a sentencing enhancement for possessing a firearm but argues that the BOP erred in relying on the enhancement because it was his co-conspirators, not he, who possessed a weapon. (#1 at 2). He then states, "[t]here is not a thread of evidence in the record, that precludes [him] from receiving the 3621(e) year off." (*Id.*) In subsequently filed supporting documents, Mr. Hernandez attached his reason for appeal: "I did not possess a firearm, did not know the co-conspirator had possessed a firearm, and could not have reasonably anticipated that he would possess a firearm." (#3 at 4).

Despite his assertions otherwise, on September 10, 2010, Mr. Hernandez signed a plea agreement wherein he admitted the factual basis for his guilty plea, including that he and three co-defendants had conspired to rob a drug dealer's stash house. (#6-1 at 5-7); *U.S. v. Hernandez*, No. 4:10-CR-560 (# 33 at 7-8) (TXSD Sept. 10, 2010). The men were arrested after meeting with an undercover agent for the purpose of executing the robbery

5

and were armed with a Ruger semi-automatic pistol, a Glock semi-automatic pistol, a Derringer handgun, gloves, masks, and zip-ties. *Id*. Further, following his arrest, Mr. Hernandez provided a *Mirandized* statement in which he admitted that he and his co-conspirators were meeting that evening in order to execute the robbery. *Id*.

United States Sentencing Guidelines § 1B1.3(a)(1)(B) holds co-conspirators accountable for relevant conduct that occurs during the course of the conspiracy if it is a reasonably foreseeable result of the conspiracy. As a result, Mr. Hernandez's offense level was increased by 2 levels pursuant to U.S.S.G. § 2D1.1(b)(1). (#6-1 at 7 ("The defendant is also held responsible for the possession of a firearm by his co-conspirators.")).

To the extent that Mr. Hernandez is complaining about the firearm sentencing enhancement, such complaints should have been raised with the sentencing court within one year of his sentence. 28 U.S.C. §2255. He is obviously unhappy that the sentence enhancement now precludes his eligibility for early release; but this situation does not warrant habeas corpus relief. The BOP's denial of early release was reasonable pursuant to 28 C.F.R. § 550.55(b)(5)(ii)-(iii), (b)(6); therefore, Mr. Hernandez was properly precluded from early release based on his sentence enhancement.

**IV.     Conclusion:**

The Court recommends that Judge Moody DISMISS WITH PREJUDICE Mr. Hernandez's petition for writ of habeas corpus (#1) under Rule 4 of the Rules Governing

6

Section 2254 cases.[3] Mr. Hernandez's September 29, 2017 motion for a ruling on his petition (#13) should be DENIED as moot.

DATED this 10th day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Rule 4 of the Rules Governing Section 2254 Cases is applicable to petitions filed under 28 U.S.C. § 2241. See Rule 1(b) of the Rules Governing Section 2254 Cases.